## IN RE DISBARMENT OF ELEANORE H. BRESKY.[1]

June 17, 1927.

No. 25,679.

**Attorney disbarred for unprofessional conduct.**
    The facts stated in the opinion show an attorney at law guilty of such unprofessional conduct as calls for disbarment.

Attorney and Client, 6 C. J. p. 607 n. 90.

Proceeding for the disbarment of Eleanore H. Bresky. Judgment of disbarment ordered.

*N. E. Pardee,* for state board of law examiners.

*Eleanore H. Bresky,* pro se, and *Thomas Kneeland,* for respondent.

PER CURIAM.

This is an application by the state board of law examiners for the disbarment of Eleanore H. Bresky. Honorable Harold Baker, a judge of the Twelfth judicial district who was appointed referee, took the evidence and made findings of fact which are adopted by us and which establish that respondent has been guilty of unprofessional conduct.

1.    For the purpose of deceiving the court she made a false statement of fact in an affidavit.

2.    In a divorce suit she accused her client of effecting a reconciliation for the sake of avoiding payment of attorney's fees to re-

[1]Reported in 214 N. W. 666.

spondent, and in connection therewith she called her client a liar and threatened to slap her.

3. She called one Crean, a defendant in a divorce suit, who had no acquaintance with respondent, to her office saying there was "crooked work" going on in his case and that his attorneys were "double-crossing" him. She also told him she had sufficient influence to swing a case her way and that many lawyers and judges were crooks. She named five local judges as such. She was substituted as Crean's lawyer. There was an adverse decision. Crean was a laborer and but a small amount of alimony was ordered. Failing to pay he was cited into court. Respondent stated to the court that her client was unable to work, had no money, and that she was doing her work for him for nothing, when in truth she had been paid $200 and claimed that she has her client's note for $600 more.

Because Crean has not paid all her demands she has unduly harassed him by demanding payment in public places in the presence of others and by applying opprobrious epithets to him. She has demanded his discharge by his employer and threatened to withdraw her patronage if he is not.

4. Respondent filed a notice of lis pendens against property owned by a client who had terminated that relation. It did not state the purpose. No action was started. Proceedings in court were necessary to get the notice discharged. Her act was wilful and wrongful.

5. Respondent, acting for a client, sued one E. E. Larson. She filed an affidavit of service upon another at the residence of Larson. She filed an affidavit of no answer, and in an affidavit of identification she said E. E. Larson was also known as D. M. Larson, who was the husband of E. E. Larson. Her affidavits of service and identification were untrue. She wilfully and wrongfully made them without personal knowledge or reasonable inquiry of the facts alleged therein.

It is apparent that respondent has not had a full appreciation of her duties and responsibilities as an attorney at law. There is nothing to indicate any probability of the public's being safe in dealing

with her as such.    It is unfortunate that she has not made more of her learning and opportunities.    Her conduct leads to but one result.

It is ordered that Eleanore H. Bresky be removed from her office of attorney at law in this state and formal judgment of disbarment will be entered.